UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LUIS H. ROMERO-CRISTIANO,                                    Petitioner,

v.                                                Civil Action No. 4:26-cv-239-DJH

MIKE LEWIS, Jailer, Hopkins County Jail
et al.,                                                     Respondents.

* * * * *

## MEMORANDUM AND ORDER

Petitioner Luis Romero-Cristiano, a noncitizen resident of the United States currently detained in the Western District of Kentucky, seeks a writ of habeas corpus pending his removal proceedings.  He alleges that his detention by immigration authorities violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment.  (Docket No. 1)  The parties agreed to forgo a show-cause hearing given the absence of a material factual dispute (*see* D.N. 5), and they have submitted briefs setting out their respective legal arguments (D.N. 8; D.N. 10; D.N. 11).  After careful consideration, the Court will grant Romero-Cristiano's petition for the reasons explained below.

**I.**

Romero-Cristiano is a native and citizen of Colombia.  (D.N. 1, PageID.7 ¶ 28; D.N.1-2, PageID.50)  He entered the United States on or about December 7, 2022, and was detained by federal immigration authorities.  (D.N. 1-2, PageID.50) On December 10, 2022, Romero-Cristiano was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A).[1]   (D.N. 1, PageID.7 ¶ 28; *see* D.N. 1-3,

---

[1] Parole under 8 U.S.C. § 1182(d)(5)(A) "permits a noncitizen to physically enter the [United States] . . . subject to a reservation of rights by the Government that it may continue to treat the noncitizen 'as if stopped at the border.'"  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).

PageID.56)  The parole expired on February 6, 2023.  (*See* D.N. 1-3, PageID.56)  Romero-Cristiano has a pending asylum application.  (*See* D.N. 1-5, PageID.64)  He was placed in removal proceedings via a Notice to Appear dated June 25, 2025, and released on an order of recognizance the same day.[2]  (D.N. 1-2, PageID.50; *see* D.N. 1-4, PageID.61)  On February 6, 2026, federal immigration authorities detained Romero-Cristiano during an immigration check-in appointment.  (*See* D.N. 1, PageID.8 ¶ 32)  On March 12, 2026, an immigration judge denied bond on the ground that he lacked jurisdiction.  (*See* D.N. 1-6, PageID.69)  Romero-Cristiano remains detained at the Hopkins County Jail in Madisonville, Kentucky.  (D.N. 1, PageID.8 ¶ 34)

Romero-Cristiano seeks a writ of habeas corpus against Hopkins County Jailer Mike Lewis, Chicago U.S. Immigration and Customs Enforcement (ICE) Field Office Director Samuel Olson, Acting Director of ICE Todd Lyons, Department of Homeland Security Secretary Markwayne Mullin, and Acting U.S. Attorney General Todd Blanche.  (*See id.*, PageID.6–7 ¶¶ 23–27)  Romero-Cristiano alleges that the government improperly revoked his parole and release on recognizance and that his detention violates the Immigration and Nationality Act, 8 U.S.C. §§ 1225–1226, and due process under the Fifth Amendment.[3]  (*See id.*, PageID.41–45 ¶¶ 141–63)  Romero-Cristiano asks the Court to order his immediate release or a bond hearing.  (*See id.*, PageID.45)  Respondents argue that (1) Romero-Cristiano is properly detained under 8 U.S.C. § 1225(b)(2) as an applicant for admission who is seeking admission; (2) his detention does not

---

[2] Pursuant to 8 U.S.C. § 1226(a)(2)(B), noncitizens may be released "on an Order of Recognizance, which is a form of conditional parole."  *Alonso v. Tindall*, No. 3:25-cv-652-DJH, 2025 WL 3083920, at *5 (W.D. Ky. Nov. 4, 2025) (quoting *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025)).

[3] Although Romero-Cristiano argues that Respondents unlawfully revoked his parole, his parole automatically expired on February 6, 2023 (*see* D.N. 1-3, PageID.56).  *See* 8 C.F.R. § 212.5(e)(1) (stating that "[p]arole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized").  The Court therefore need not address that argument.

violate due process under that provision; and (3) Romero-Cristiano's remedy is detention, rather than immediate release, "until a bond hearing is adjudicated."[4]  (*See* D.N. 8, PageID.87–90)

II.

**A.      Immigration and Nationality Act**

Romero-Cristiano asserts that § 1226(a) governs his detention and that he is entitled to a bond hearing.   (*See* D.N. 1, PageID.42 ¶¶ 146–47)   Respondents argue that § 1225 requires Romero-Cristiano's detention.  (*See* D.N. 8, PageID.87–89)

The Court previously addressed arguments related to a similarly situated petitioner in *Quintero v. Olson*, No. 4:26-cv-34-DJH, 2026 WL 596643 (W.D. Ky. Mar. 3, 2026).  The Court thus summarizes and incorporates by reference its reasoning and determination from that decision. There, the petitioner was paroled under 8 U.S.C. § 1182(d)(5)(A) and overstayed his parole that had automatically expired.  *See id.* at *1.  The Court found that upon the expiration of the petitioner's parole, he was not automatically returned to mandatory detention and remained an applicant for admission. *See id.* at *2–3.  The Court further explained that § 1225(b)(2)(A) did not apply to the petitioner's detention because he was not "seeking admission" as that provision requires.  *See id.* at *3; *see also id.* at *2 (observing that "[p]arole 'shall not be regarded as an admission of the alien'" (quoting § 1182(d)(5)(A))).   Specifically, the Court found that the petitioner was not seeking admission because he was arrested in the United States.  *See id.* at *3 (citing *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 487 (E.D.N.Y. 2025)).  The Court concluded that § 1226(a) applied to the petitioner's detention because that provision "generally governs the

---

[4] Respondents do not contest that the Court has jurisdiction to review Romero-Cristiano's petition (*see generally* D.N. 8).  *See Lopez v. Olson*, 815 F. Supp. 3d 576, 580 (W.D. Ky. 2025) ("Section 2241 [of title 28] confers jurisdiction [on district courts] to hear habeas corpus challenges to the legality of a noncitizen's detention." (citing *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004))).  Nor do Respondents argue whether Romero-Cristiano must exhaust administrative remedies.  (*See generally* D.N. 8)  Therefore, the Court will not address these issues.

3

process of arresting and detaining [noncitizens] once inside the United States." *Id.* at *2 (quoting *Chavez v. Dir. of Detroit Field Off.*, No. 4:25-cv-02061-SL, 2025 WL 2959617, at *4 (N.D. Ohio Oct. 20, 2025)).

These observations are supported by the Sixth Circuit's recent decision in *Lopez-Campos v. Raycraft*, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891 (6th Cir. May 11, 2026). The Sixth Circuit found that "an 'applicant for admission' is not necessarily 'seeking admission'" for purposes of § 1225(b)(2)(A). *Id.* at *11. As the panel observed, the statute defines an "applicant for admission" as a noncitizen "present in the United States who has not been admitted," § 1225(a)(1), but it does not define "seeking admission," § 1225(b)(2)(A). *See Lopez-Campos*, 2026 WL 1283891, at *2–4. The Sixth Circuit held that "for a noncitizen to be 'seeking admission' under § 1225(b)(2)(A), the noncitizen must actively be in search of lawful entry into the United States via inspection and authorization by an immigration officer." *Id.* at *4. It rejected the argument that "any noncitizen who attempts to remain in the United States after being arrested and detained by immigration officials is 'seeking admission.'" *Id.* at *9.

Here, immigration authorities detained Romero-Cristiano in the United States after he overstayed his parole. (*See* D.N. 1, PageID.8 ¶ 32; D.N. 1-3, PageID.56) Like the petitioner in *Quintero*, Romero-Cristiano is an applicant for admission because he has not been admitted to the United States. (*See* D.N. 1, PageID.7–8 ¶¶ 28–35) And like the petitioners in *Lopez-Campos*, Romero-Cristiano is not seeking admission because he is not "actively . . . in search of lawful entry into the United States via inspection and authorization by an immigration officer" despite remaining in the United States after immigration officials initially detained him upon entry (*see* D.N. 1, PageID.7–8 ¶¶ 28–35). *Lopez-Campos*, 2026 WL 1283891, at *4; *see id.* at *9. Therefore, § 1226(a), not § 1225(b)(2)(A), governs Romero-Cristiano's detention. *See id.* at *11 (noting that

4

"'§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings'" (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).  Romero-Cristiano is thus entitled to a bond hearing.  *See id.* at *1 (affirming district courts' findings that petitioners were detained under § 1226(a) and thus entitled to bond hearings).

**B.    Due Process**

Romero-Cristiano asserts that his detention violates due process under the Fifth Amendment.  (*See* D.N. 1, PageID.44–45 ¶¶ 153–63)  Respondents argue that Romero-Cristiano's detention comports with due process under § 1225(b)(2).  (*See* D.N. 8, PageID.87–89)  Because Romero-Cristiano is detained under § 1226(a), not § 1225(b)(2), Respondents' due-process argument is inapposite.

In *Lopez-Campos*, the Sixth Circuit affirmed the district courts' determinations that "the government's detention of Petitioners without bond under § 1226(a) was a deprivation of liberty that violated Petitioners' due process rights" under the Fifth Amendment.  2026 WL 1283891 at *13.  But the Sixth Circuit did not require a particular remedy for that violation.  *See id.* at *11–13.  In accordance with *Lopez-Campos* and this Court's prior decisions addressing the same issue, the Court concludes that Romero-Cristiano's detention without a bond hearing violates due process, *see id.* at *13, and will order his immediate release.  *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention." (emphasis omitted)); *see also, e.g., Singh v. Lewis*, No. 4:25-cv-133-DJH, 2025 WL 3298080, at *7 (W.D. Ky. Nov. 26, 2025) (ordering immediate release after concluding that petitioner's detention without a bond hearing violated due process); *Salinas v. Woosley*, No. 4:25-cv-121-DJH, 2025 WL 3243837, at *5 (W.D. Ky. Nov. 20, 2025) (same).

**C.    Release as a Remedy**

Respondents additionally argue that Romero-Cristiano should remain detained until a bond hearing is adjudicated rather than be released.  (*See* D.N. 8, PageID.89–90)  Romero-Cristiano maintains that he should be immediately released.  (*See* D.N. 11, PageID.164–66)  The Court previously rejected an argument similar to Respondents' and has ordered release of petitioners whose detention without a bond hearing violates due process.  *See Singh*, 2025 WL 3298080, at *6; *Salinas*, 2025 WL 3243837, at *4–5.  For the reasons stated in those decisions, the Court will order Romero-Cristiano's release.

**III.**

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    Romero-Cristiano's petition for a writ of habeas corpus (D.N. 1) is **GRANTED**. Respondents are **DIRECTED** to immediately release Romero-Cristiano, and, in the event he is arrested and re-detained, provide him with a bond hearing before a neutral Immigration Judge in accordance with 8 U.S.C. § 1226(a).  Respondents **SHALL** certify compliance with the Court's Order by a filing on the docket no later than **May 29, 2026**.

(2)    Upon receipt of the notice of compliance, this matter will be **CLOSED**.

May 27, 2026

**David J. Hale, Chief Judge**
**United States District Court**

6